Thomas A. Saenz (Cal. Bar No. 159430)
Luis L. Lozada (Cal. Bar No. 344357)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
        llozada@maldef.org

*Attorneys for Plaintiff
and the Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| LUIS SAUL BAUTISTA MARTINEZ, an individual, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>NUVISION CREDIT UNION,<br><br>                              Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981 AND CALIFORNIA UNRUH CIVIL RIGHTS ACT; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION** |

Plaintiff Luis Saul Bautista Martinez ("Plaintiff" or "Plaintiff Bautista Martinez"), individually and on behalf of all others similarly situated, by his attorneys makes the following allegations, based on information and belief, against Defendant Nuvision Credit Union ("Defendant" or "Nuvision"):

## INTRODUCTION

1. Defendant Nuvision follows a policy of denying full access to credit products and services to applicants on the basis of their alienage or immigration status, including those who have Deferred Action for Childhood Arrivals ("DACA") status.

2. Plaintiff Bautista Martinez and members of the Class he seeks to represent were and are unable to access Defendant's credit and loan products and services because of their alienage or immigration status. Plaintiff brings this case against Nuvision for unlawful discrimination in violation of the Civil Rights Act of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981"), and the California Unruh Civil Rights Act ("Unruh Act"), as codified at California Civil Code §§ 51, *et seq*.

3. Defendant's violations have inflicted harm on Plaintiff, and the Class he seeks to represent, including but not limited to, access to credit or loan products with unfavorable terms and conditions, and emotional distress.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

5. This Court is also empowered to issue a declaratory judgment against Defendant by 28 U.S.C. §§ 2201 and 2022.

**CLASS ACTION COMPLAINT**

6.     Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

**Plaintiff**

7.     Plaintiff Luis Saul Bautista Martinez is a resident of Los Angeles, California and has lived in the United States since 1994.  He arrived in the United States from Oaxaca, Mexico when he was four years old.  He earned a bachelor's degree in business administration from California State University, Fullerton in 2019 and works as a marketing specialist.

8.     Plaintiff Bautista Martinez has been a DACA recipient since 2012.  As part of the DACA initiative, Plaintiff Bautista Martinez received authorization to work in the United States and a social security number.  Plaintiff Bautista Martinez resided in Orange County, California on the date that he applied for an auto loan from Defendant and was unlawfully denied.

9.     Defendant subjected Plaintiff and members of the Class that he seeks to represent to discrimination in violation of federal and state laws as described in this Complaint.

**Defendant**

10.     Defendant Nuvision Credit Union is a member-owned credit union headquartered in Huntington Beach, California.

11.     Defendant maintains a business and mailing address at 7812 Edinger Avenue, Huntington Beach, California 92647.

12.     Defendant offers consumers a range of financial and credit products, including retail banking services, personal loans, auto loans, credit cards, student loans, and home loans.

## STATEMENT OF FACTS

13.     Plaintiff Bautista Martinez brings this action on behalf of himself and members of the proposed Plaintiff Class.  The class seeks damages, declaratory judgment, and injunctive relief.

14.     Plaintiff Bautista Martinez is a recipient of DACA and has been since 2012.  Since that time, he has continuously possessed an employment authorization card and a social security number.  As a DACA recipient, Plaintiff Bautista Martinez can renew his work authorization.

15.     On April, 29 2023, Plaintiff Bautista Martinez applied for membership and an auto loan with Nuvision.  On that same day, a Nuvision Relationship Consultant, Veronica Lomeli, emailed him to notify him that his application was approved and requested that he provide his most recent paystub and a copy of his social security card to move forward with the loan process.  Plaintiff Bautista Martinez sent the requested documentation to Lomeli later that day.

16.     On May 3, 2023, Plaintiff Bautista Martinez emailed Lomeli to ask about the status of his loan application.

17.     On May 4, 2023, Lomeli emailed him with the following message, in relevant part: "Thank you for selecting Nuvision Credit Union to meet your financial needs.  Please contact me to review your application."  The email indicated that his application number was 685157.  On that same day, Lomeli asked Bautista, "[d]o you have a temporary resident card?"  Plaintiff Bautista Martinez answered, "I also have my federally compliant REAL ID from CA.  Those are only issued if one is a current legal resident and does not expire until 2027."  Lomeli responded that "I see that, are you in the process for temporary residency?" He responded that "DACA is considered temporary residence, just as long as I continuously renew.  All my other loans and credit lines have been approved with no contingency to expiration of my DACA card."  Plaintiff Bautista Martinez later that day asked Lomeli whether the issue was resolved, but did not receive a response.

18.     On May 10, 2023, because Plaintiff Bautista Martinez did not receive an answer, he emailed Lomeli again asking whether his loan application was denied and whether his DACA status disqualified him.

19.    On May 15, 2023, Nuvision sent an Adverse Action Notice to Plaintiff Bautista Martinez, informing him that his request for an auto loan in the amount of $35,000 was denied. The Notice provided that Nuvision refused to offer the loan to Plaintiff Bautista Martinez because of "temporary residence" and "verifications performed do not support information on the application." The Notice also indicated that Plaintiff Bautista Martinez had a credit score of 719 when he applied for the auto loan from Nuvision.

20.    On July 1, 2023, Plaintiff Bautista Martinez called Nuvision. A Nuvision representative informed him that the underwriter noted that his Employment Authorization Card would expire in December 2023; she asked whether he had any documentation demonstrating his residency. Plaintiff Bautista Martinez told the representative that he had sent all relevant documentation in his possession to Nuvision. The representative responded that the underwriter had denied the loan. Plaintiff Bautista Martinez asked whether the denial stemmed from his DACA status; the representative answered that the documents received, demonstrating his temporary residency, was the reason for the denial.

21.    In reliance of Nuvision's representations that his loan was approved on April 29, 2023, Plaintiff Bautista Martinez subsequently sold his vehicle. He has been without a vehicle since May 2023, and has either rented a vehicle or used rideshare to travel around Los Angeles.

22.    Plaintiff Bautista Martinez has been unable to purchase a vehicle because lenders, including car dealerships, are offering loans with interest rates of up to 13% compared to the much-lower interest rates of 5% or 6% that Nuvision was offering when he applied.

23.    Plaintiff Bautista Martinez suffered harm from Nuvision's denial of his loan application on the basis of his alienage and/or immigration status. This denial caused Plaintiff Bautista Martinez to feel the deleterious effects of discrimination and to suffer harm, including actual damages, emotional distress, and other negative effects.

24.     Nuvision's denial of Plaintiff Bautista Martinez's application because of its limited and arbitrary alienage requirement violates 42 U.S.C. § 1981.

25.     Nuvision's denial of Plaintiff Bautista Martinez's application because of his immigration status violates the California Unruh Civil Rights Act.

26.     There is an actual and substantial controversy between Plaintiff and Nuvision.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff Bautista Martinez incorporates by reference the allegations raised in all preceding paragraphs.

28.     Plaintiff Bautista Martinez brings this action on behalf of himself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a nationwide class.

29.     Plaintiff Bautista Martinez seeks to represent the following nationwide class ("National Class"), composed of, and defined, as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a credit or loan product from Nuvision but were denied full and equal consideration by Nuvision on the basis of alienage or lack of U.S. citizenship.

30.      Plaintiff Bautista Martinez additionally brings class allegations on behalf of a California Subclass composed of, and defined, as follows:

> All persons who resided in California at the relevant time they applied for or attempted to apply for a credit or loan product from Nuvision but were denied full and equal consideration by Nuvision on the basis of their immigration status.

31.     Plaintiff Bautista Martinez may amend the above class definitions as permitted or required by this Court.  This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**CLASS ACTION COMPLAINT**

**Rule 23(a)(1) – Numerosity**

32.    The potential members of the above National Class and California Subclass as defined are so numerous that joinder would be impracticable.

33.    The National Class and California Subclass are an ascertainable group that, on information and belief, consists of at least dozens of individuals.

34.    With discovery, the size of the Class will be ascertainable.   The names and addresses of potential Class Members are available to Defendant.

35.    Notice can be provided to the potential Class Members via first class mail using techniques and a form of notice similar to those customarily used in class-action lawsuits.

**Rule 23(a)(2) – Common Questions of Law and Fact**

36.    There are questions of law and fact common to the Class that predominate over any questions affecting only Plaintiff Bautista Martinez or any other individual Class Members.  These common questions of law and fact include, without limitation:

a.    Whether it is Nuvision's policy or practice to reject applicants for credit or loan products on the basis of alienage or immigration status;

b.    Whether Nuvision violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff and the National Class on the basis of alienage;

c.    Whether Nuvision violated the Unruh Act by denying full and equal access to services to Plaintiff and the California Subclass on the basis of immigration status;

d.    Whether Plaintiff Bautista Martinez and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

e.    Whether Plaintiff Bautista Martinez and the Class Members are entitled to damages and any other available relief.

**CLASS ACTION COMPLAINT**

**Rule 23(a)(3) – Typicality**

37.     Plaintiff Bautista Martinez's claims are typical of the claims of the Class.  Plaintiff Bautista Martinez and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of Federal and California laws, regulations, and statutes as alleged here.

38.     Plaintiff Bautista Martinez's claims are representative of and co-existent with the claims of Class Members.

**Rule 23(a)(4) – Adequacy of Representation**

39.     Plaintiff Bautista Martinez will fairly and adequately represent and protect the interests of Class Members.  Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.

40.     Plaintiff Bautista Martinez has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

41.     Class certification is appropriate because Nuvision has acted and/or refused to act on grounds generally applicable to members of the National Class and California Subclass. Nuvision's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff Bautista Martinez and the Class Members as a whole.

42.     Nuvision excludes Class Members in the National Class and California Subclass outright from credit or loan products and services on the basis of alienage and/or immigration status.  The National Class and California Subclass Class Members are entitled to declaratory, equitable, and injunctive relief to end Nuvision's common, unfair, and discriminatory policies.

/ / /

/ / /

**CLASS ACTION COMPLAINT**

**Rule 23(b)(3) – Superiority of Class Action**

43.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each Class Member has been injured and is entitled to recovery by reason of Defendant's unlawful policies and practices of discrimination on the basis of alienage and/or immigration status and of denying full and equal access to Defendant's services.

44.    No other litigation concerning this controversy has been commenced by or against Class Members.

45.    Class-action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case.

46.    Under the Unruh Act, Class Members have been injured and are entitled to recovery of damages and statutory penalties because of Nuvision's discriminatory policies.  Damages are capable of measurement on a class-wide basis.  Plaintiff Bautista Martinez and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable policies and practices in the relevant period.

47.    Plaintiff Bautista Martinez is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

**CLASS ACTION COMPLAINT**

# FIRST CLAIM FOR RELIEF
## Alienage Discrimination
### (42 U.S.C. § 1981)

48.     Plaintiff Bautista Martinez incorporates by reference the allegations raised in all preceding paragraphs.

49.     Plaintiff Bautista Martinez brings this claim on his own behalf and on behalf of the National Class.

50.     Plaintiff Bautista Martinez and Class Members are persons within the jurisdiction of the United States.

51.     Plaintiff and Class Members are aliens.

52.     Plaintiff Bautista Martinez and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

53.     Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

54.     Defendant intentionally discriminated against Plaintiff Bautista Martinez and members of the Class on the basis of alienage by denying them access to full review of their applications for credit or loan products.

55.     Defendant intentionally discriminated against Plaintiff Bautista Martinez and members of the Class by interfering with their right to make and enforce contracts for credit or loan products on the basis of alienage.

56.     Plaintiff Bautista Martinez and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here.  Plaintiff Bautista Martinez and Class Members demand damages, and request that the Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's alienage and to prevent further violations of 42 U.S.C. § 1981.

57.     Plaintiff Bautista Martinez and Class Members are now suffering, and will continue to suffer irreparable injury from Nuvision's discriminatory acts and omissions.

## SECOND CLAIM FOR RELIEF
### Violation of the Unruh Civil Rights Act
### (California Civil Code §§ 51, *et seq.*)

58.     Plaintiff Bautista Martinez incorporates by reference all the allegations raised in all preceding paragraphs.

59.     Plaintiff Bautista Martinez brings this claim on his own behalf and on behalf of the California Subclass.

60.     Plaintiff Bautista Martinez and Class Members are persons within the jurisdiction of the State of California and resided in California at the time of Defendant's discriminatory acts.

61.     Defendant conducts business within the jurisdiction of the State of California and, therefore, is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, *et seq.*

62.     Plaintiff Bautista Martinez and Class Members are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever no matter their immigration status, and no business establishment of any kind whatsoever may refuse to contract with Plaintiff Bautista Martinez and Class Members because of or due in part to their immigration status.

63.     Defendant violated the Unruh Act by denying Plaintiff Bautista Martinez and members of the California Subclass access to full review of their applications for credit and loan products free of discriminatory conditions imposed on the basis of their immigration status.

64.     Under Section 52(a) of the Unruh Act, Plaintiff and members of the California Subclass are entitled to actual damages suffered, statutory damages of up to three times the amount of actual damages suffered per violation, but no less than $4,000, and attorney's fees.

**CLASS ACTION COMPLAINT**

65.     Under Section 52(c), Plaintiff requests that this Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's immigration status and to prevent further violations of the Unruh Act.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bautista Martinez and the Class he seeks to represent respectfully request the following relief:

i.      Certification of the case as a class action on behalf of the proposed Class Members in the National Class and California Subclass;

ii.     Designation of Plaintiff Bautista Martinez as the class representative on behalf of the National Class and California Subclass;

iii.    Designation of Plaintiff's counsel of record as Class Counsel;

iv.     Declaratory judgment that Defendant's policies and practices set forth here are unlawful and violate 42 U.S.C. § 1981 and the California Unruh Civil Rights Act;

v.      Preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth here and described in preceding paragraphs;

vi.     Award of statutory and compensatory damages to Plaintiff Bautista Martinez and Class Members in an amount to be determined at trial;

vii.    Costs incurred, including reasonable attorneys' fees and costs to the extent allowable by law;

viii.   Pre-judgment and post-judgment interest, as provided by law; and

ix.     For such other and further relief as this Court deems just and proper.

- 11 -
**CLASS ACTION COMPLAINT**

1    Dated: November 6, 2024                    Respectfully submitted,

2                                               */s/ Luis L. Lozada*

3                                               Luis L. Lozada
                                                Thomas A. Saenz
4                                               MEXICAN AMERICAN LEGAL DEFENSE
                                                AND EDUCATIONAL FUND
5                                               634 South Spring Street, 11th Floor
                                                Los Angeles, CA 90014
6                                               Telephone: (213) 629-2512
                                                Facsimile: (213) 629-0266
7                                               Email:  tsaenz@maldef.org
                                                        llozada@maldef.org
8

9                                               *Attorneys for Plaintiff*
                                                *and the Proposed Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**