# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

*Luis Saul Bautista Martinez v. NuVision Credit Union*

**United States District Court, Central District of California (Southern Division)**

**Case No. 8:24-cv-02422**

## PREAMBLE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff Luis Saul Bautista Martinez ("Named Plaintiff") and all those on whose behalf he is prosecuting this action (each of them a "Plaintiff" and all of them "Plaintiffs"), on the one hand, and Defendant NuVision Credit Union ("Defendant"), on the other hand, as of the date executed below. All references in this Agreement to a "party" or the "parties" shall refer to a party or the parties to this Agreement.

## RECITALS

A.    On November 6, 2024, Named Plaintiff filed a class-action complaint against Defendant in the United States District Court for the Central District of California entitled *Luis Saul Bautista Martinez v. NuVision Credit Union*, Case No. 8:24-cv-02422, alleging claims for violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.* and the California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.* (the "Complaint").

B.    Named Plaintiff alleges in the Complaint that Defendant has a policy of denying Consumer Credit Products (defined below) to certain applicants based on their immigration or citizenship status (the "Challenged Practice").

C.    Defendant filed an Answer to the Complaint on March 21, 2025, denying the allegations, denying they engaged in the Challenged Practice or any other illegal or improper practices, and asserting various affirmative defenses.

D.    Defendant has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Complaint, including, without limitation, the Challenged Practice, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation. Nothing contained in this Agreement shall be used or construed as an admission of liability by Defendant, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any purpose other than to enforce the terms of this Agreement.

E.    Named Plaintiff has entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Named Plaintiff does not in any way concede that the claims alleged in the Complaint lack merit, or are subject to any defenses, or subject to dismissal.

## AGREEMENT

**NOW**, **THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Agreement, and in consideration of the mutual promises below, the parties agree as follows:

1.    **DEFINITIONS.**  In addition to the definitions contained elsewhere in this Agreement, the following definitions shall apply:

(a)    "Bar Date to Object" shall be the date set by the Court as the deadline for

Class Members to file an Objection and shall be thirty (30) days after the date the Notice (defined below) must be provided to the Class Members.

(b)    "Bar Date to Opt Out" shall be the date set by the Court as the deadline for Class Members to opt out.  The Bar Date shall be thirty (30) days after the date the Notice (defined below) must be provided to the Class Members.

(c)    "Class Member(s)" shall mean the 34 individuals who, according to Defendant's records,

    i.   applied for a Consumer Credit Product with Defendant from November 6, 2022 through May 19, 2025;

    ii.   were legally residing in the State of California at the time they applied; and

    iii.   were denied such credit products because of their immigration or citizenship status at the time they applied.

(d)    "Class Counsel" shall mean Thomas A. Saenz and Luis L. Lozada of the Mexican American Legal Defense and Educational Fund.

(e)    "Consumer Credit Product(s)" shall mean the following non-business loan or credit products offered to individuals, which contain the following information in the loan identification numbers appearing in Defendant's records: automotive loans; credit cards, home equity line of credit; unsecured loans; and personal loans.

(f)    "Court" shall mean the United States District Court for the Central District of California, Southern Division.

(g)    "DACA" shall mean Deferred Action for Childhood Arrivals, a policy of temporary deferral of deportation and exercise of prosecutorial discretion, as originally implemented by the June 15, 2012 memorandum from Secretary of Homeland Security Janet Napolitano, entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children."

(h)    "Defendant's Counsel" shall mean Mark K. Worthge of Kaufman Dolowich LLP.

(i)    "Effective Date" shall be thirty (30) days after the entry of the Final Approval Order (defined below) provided no objections are made to this Agreement.  If there are any objections to the Agreement, then the Effective Date shall be the later of: (i) thirty (30) days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (ii) if appeals are taken from the Final Approval Order, then thirty (30) days after an Appellate Court ruling affirming the Final Approval Order; or thirty (30) days after entry of a dismissal of the appeal.

(j)    "Exclusion Letter" shall mean a letter by a Class Member who elects to opt out of this Agreement.

(k)    "Final Approval Hearing Date" shall be the date set by the Court for the hearing on the motion for final approval of this Agreement.

(l)    "Final Approval Order" shall mean the Order and Judgment approving this Agreement issued by the Court at or after the Final Approval Hearing Date.

(m)    "Final Report" shall mean the report prepared by the Settlement Administrator of all receipts and disbursements from the Settlement Fund, as described in Section 6, below.

(n)    "Individual Settlement Payment" shall refer to the amount of three thousand two hundred dollars ($3,200.00), to be paid by Defendant by check made payable to each Class Member in accordance with the terms of this Agreement.

(o)    "Long-Form Notice" shall mean the long-form notice to Class Members attached as **Exhibit 1**.  The Long-Form Notice will be posted to the Settlement Website in both Spanish and English.

(p)    "Motion for Final Approval" shall mean the motion filed by Class Counsel, as referenced in Section 9, below, which shall be filed forty-five (45) days after the date the Notice (defined below) must be provided to Class Members.

(q)    "Motion for Award of Fees, Costs, and Service Incentive" shall mean the motion filed by Class Counsel, as referenced in Section 9, below, which shall be filed forty-five (45) days after the date the Notice (defined below) must be provided to Class Members.

(r)    "Notice" shall mean the short-form Notice of the terms of this Agreement, which shall be sent by mail to Class Members at the best available current address, in the form attached as **Exhibit 2**.  The Notice shall be in both Spanish and English.

(s)    "Preliminary Approval/Notice Order" shall mean the Order issued by the Court preliminarily approving this Agreement and authorizing the provision of the Notice to Class Members, as provided in Sections 4 and 5, below.

(t)    "Settlement Administrator" shall mean the entity that will provide the Notice and other administrative handling of this Settlement Agreement.  Defendant shall bear all costs associated with retaining the Settlement Administrator. Defendant has selected the following as the Settlement Administrator: Phoenix Class Action Administration Solutions, P.O. Box 7208; Orange, CA, 92863.

(u)    "Settlement Fund" shall mean the $108,800 that will be paid to the Class Members in accordance with the terms of this Agreement and the Final Approval Order.  Any attorneys' fees and costs, incentive award, and Settlement Administrator costs shall be paid by Defendant separately and in addition to the Settlement Fund.

(v)    "Unclaimed Settlement Funds" shall mean Individual Settlement Payment checks that remain uncashed 120 days after the date they are issued.  Any Unclaimed Settlement Funds will be disbursed to *cy pres* recipients approved by the Court and will not revert back to Defendant.

2.    **CORRECTIVE ACTION.**  Defendant represents and agrees that it has ceased the Challenged Practice. Defendant represents and agrees that, unless required by law, it will not deny Consumer Credit Products to applicants based solely on their immigration or citizenship

status. Defendant further represents and agrees that it will train its managers, supervisors, administrators, and staff on the policy set forth in this Agreement. Defendant further represents and agrees that it shall not engage in the Challenged Practice unless required by law to do so.

      **3.**    **CLASS-ACTION SETTLEMENT.** Named Plaintiff shall propose and recommend to the Court that a Class be certified for purposes of implementing the terms of the settlement provided for in this Agreement. Defendant agrees solely for purposes of the settlement provided for in this Agreement that this case shall proceed as a class action; provided, however, that if a Final Approval Order is not issued, then Defendant shall retain all rights to object to maintaining this case as a class action. Plaintiff and Class Counsel shall not cite this Agreement in support of any subsequent motion relating to certification of a liability class.

      **4.**    **PRELIMINARY SETTLEMENT APPROVAL.** Class Counsel shall use reasonable efforts to promptly file a motion seeking a Preliminary Approval/Notice Order. The Preliminary Approval/Notice Order shall provide for: preliminary approval of this Agreement, provisional certification of Settlement Class for settlement purposes, appointment of Class Counsel as counsel to the provisionally certified Settlement Class, appointment of the Settlement Administrator, and the requirement that Notice be given to the Class Members as provided in Section 5, below (or as otherwise determined by the Court).

      **5.**    **NOTICE TO THE CLASS.**

      (a)    The Settlement Administrator shall send the Notice, as applicable, to all Class Members as specified here and by the Court in the Preliminary Approval/Notice Order.

      (b)    The Notice shall be mailed to the Class Members by first class United States mail to the best available mailing addresses. Defendant shall provide the Settlement Administrator with last known mailing addresses for the Class Members. The Settlement Administrator will run the names and addresses through the National Change of Address Registry and update as appropriate. If a mailed Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Notice to the forwarding address. For all mailed Notices that are returned as undeliverable, the Settlement Administrator shall use standard skip tracing devices to obtain forwarding-address information and, if the skip-tracing yields a different forwarding address, the Settlement Administrator shall re-mail the Notice to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail.

      (c)    The Long-Form Notice shall be posted on the settlement website created by the Settlement Administrator.

      (d)    The Settlement Administrator shall maintain a database showing mail addresses to which each Notice was sent and any Notices that were undeliverable. A summary report of the Notice data shall be provided to the Parties at least five (5) days before the deadline to file the Motion for Final Approval. The database maintained by the Settlement Administrator regarding the Notice shall be available to the parties and the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party. To the extent the database is provided to Class Counsel, it shall be used only for purposes of implementing the terms of this Agreement.

      (e)    All costs associated with publishing, mailing and administering the Notice

as provided for in this Section, and all costs of administration including, but not limited to, the Settlement Administrator's fees and costs, shall be paid by Defendant.

      **6.**    <u>**THE SETTLEMENT ADMINISTRATOR.**</u> The Settlement Administrator shall be retained and compensated by Defendant. In addition to the obligations provided for in Section 5, above (Notice), the Settlement Administrator shall have the following duties and obligations under the terms of this Agreement:

      (a)    The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

      (b)    The Settlement Administrator shall provide Class Counsel and Defendant's counsel with weekly reports that include: Notices mailed; responses to the Notices; the number of visits to the settlement website; the number of calls from Class Members; Opt-Outs and exclusion requests; the number of checks issued and the date of issuance; the number of checks cashed; and a running total of Unclaimed Settlement Funds.

      (c)    Within the later of two hundred (200) days after the Effective Date or one-hundred eighty (180) days after the last check is issued to Class Members, as provided in Section 11, below, the Settlement Administrator shall prepare and deliver to Class Counsel and Defendant's Counsel a Final Report summarizing the payments made to Class Members, the amount of any unclaimed funds, and the payment(s) made or to be paid to any *cy pres* recipient(s) in accordance with Section 12, below.

      (d)    The Settlement Administrator shall keep all information regarding Class Members confidential except as otherwise provided here. All data created and/or obtained and maintained by the Settlement Administrator under this Agreement shall be destroyed twelve (12) months after the Final Report is submitted to the Court, provided that Class Counsel and Defendant's Counsel, or either of them, at their own cost, shall receive a complete copy of the Settlement Administrator's records, together with a declaration establishing completeness and authenticity, which they may maintain consistent with their own document-retention policies. To the extent Class Counsel receives a copy of the class list, it shall not be used for any purposes other than the implementation of this Agreement.

      (e)    The Settlement Administrator shall provide the data in its administration database to Defendant's Counsel and Class Counsel in response to any written request, including an email request. Such information shall be used only for purposes of the implementation of this Agreement.

      (f)    The Settlement Administrator shall provide Class Counsel with a declaration in support of the Motion for Final Approval that shall include, among other things, a summary of the Notice, any Notices that were returned as undelivered after skip tracing as required in Section 5 above, and any objections and opt outs received by the Settlement Administrator.

      (g)    The Settlement Administrator shall establish a settlement website, which shall include the Complaint, any Notices approved by the Court, any motions and pleadings relating to the Court's approval of this Agreement, and any other documents and information directed by the Court to be posted on the website. The URL shall be "MartinezNuVisionSettlement.com" or a similar name.

(h)    The Settlement Administrator also shall be responsible for timely and properly filing all tax forms necessary or advisable, if any, with respect to the Settlement Fund. Except as provided here, Class Members shall be responsible for their own tax reporting of payments or credits received under the terms of this Agreement.

7.    **OPT-OUTS.**

(a)    A Class Member who wishes to exclude himself or herself from this Agreement, and from the release of claims and defenses provided for under the terms of this Agreement, shall submit an Exclusion Letter by mail to the Settlement Administrator. For an Exclusion Letter to be valid, it must be postmarked on or before the Bar Date to Opt Out. Any Exclusion Letter shall identify the Class Member, state that the Class Member wishes to exclude himself or herself from the Agreement, and shall be signed and dated.

(b)    The Settlement Administrator shall maintain a list of persons who have excluded themselves and shall provide the list to Defendant's Counsel and Class Counsel at least five (5) days prior to the date Class Counsel is required to file the Motion for Final Approval. The Settlement Administrator shall retain the originals of all Exclusion Letters (including the envelopes with the postmarks). The Settlement Administrator shall make the original Exclusion Letters available to Class Counsel, Defendant's Counsel and/or the Court upon two (2) court days' written notice.

8.    **OBJECTIONS.**

(a)    Any Class Member, other than a Class Member who timely submits an Exclusion Letter, may object to this Agreement.

(b)    To be valid and considered by the Court, the objection must be in writing and sent by first class mail, postage pre-paid, to the Settlement Administrator. The objection must be postmarked on or before the Bar Date to Object, and must include the following information:

(i)    The objector's name, address, telephone number, and the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case;

(ii)    A statement of the factual and legal basis for each objection and any exhibits the objector wishes the Court to consider in connection with the objection; and

(iii)    A statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address, and telephone number.

(c)    The Settlement Administrator shall send any objections to Class Counsel and Defendant's Counsel. Class Counsel shall file any objections and responsive pleadings at least seven (7) days prior to the Final Approval Hearing Date.

9.    **MOTION FOR FINAL APPROVAL AND MOTION FOR AWARD OF FEES, COSTS, AND SERVICE INCENTIVE.**  Fifteen (15) days after the Bar Date to Opt Out and the Bar Date to Object, and provided the conditions in Section 15, below, are satisfied, Class Counsel shall file a Motion for Final Approval of this Agreement and a Motion for Award of Fees, Costs and Service

Incentive so that the motion can be heard on the Final Approval Hearing Date.

**10.    ENTRY OF JUDGMENT.** The Final Approval Order shall constitute the Court's final judgment in this action. The Court shall retain jurisdiction to enforce the terms of the Final Approval Order.

**11.    THE SETTLEMENT FUND AND DISTRIBUTION.**

(a)    Within ten (10) days after entry of the Final Approval Order, Defendant shall transfer the Settlement Fund to the Settlement Administrator, plus: (1) the amount awarded by the Court to Class Counsel for attorneys' fees and costs of litigation; (2) any service award authorized by the Court; and (3) the fees and costs payable to the Settlement Administrator.

(b)    All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed under this Agreement.

(c)    All funds held by the Settlement Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

(d)    Within ten (10) days after the Effective Date, subject to the Settlement Administrator receiving a W9 or comparable form, payments shall be made by the Settlement Administrator as follows:

    i.    <u>Plaintiff's Fees and Costs</u>. The Settlement Administrator shall pay Class Counsel's attorneys' fees and costs, as determined and approved by the Court under the Final Approval Order. Class Counsel shall be entitled to apply for an award of attorneys' fees, plus costs incurred in this action. Defendant shall not oppose an application for attorneys' fees and costs of up to forty thousand dollars ($40,000), but reserves the right to oppose an application for fees in excess of that amount.

    ii.    <u>Service Award</u>. The Settlement Administrator shall pay Named Plaintiff the amount of any service award ordered by the Court. Named Plaintiff shall be entitled to apply for a service award of up to five thousand dollars ($5,000). Defendant shall not oppose an application for a service award of up to $5,000, but reserves the right to oppose an application for a service award in excess of that amount.

    iii.    <u>Settlement Administrator's Fees</u>. The Settlement Administrator shall be retained and compensated by Defendant. The Settlement Administrator shall not be entitled to any funds, or remaining funds, from the Settlement Fund. The estimated fees and costs of the Administrator are three thousand three hundred dollars ($3,300).

    iv.    <u>Payment to Class Members</u>. The Settlement Administrator shall mail a check in the amount of three thousand two hundred dollars ($3,200) to each Class Member who has not opted-out. All checks must be cashed within one hundred twenty (120) days after they are issued by the

Settlement Administrator. The aggregate amount of checks that are not cashed, as well as any funds intended for Class Members who opted-out, within the time provided in this Section 11(d)(iv) shall be paid in accordance with Section 12, below.

(e)    In no event shall any portion of the Settlement Fund revert to Defendant.

**12.    CY PRES PAYMENTS.**

(a)    Thirty (30) days after the deadline for Class Members to cash Individual Settlement Payment Checks, any Unclaimed Settlement Funds shall be paid to *cy pres* recipients proposed by Class Counsel and approved by the Court. Class Counsel intends to propose Immigrants Rising and TheDream.US as *cy pres* recipients.

**13.    GENERAL RELEASE.** Except as to the rights and obligations provided for under the terms of this Agreement, Named Plaintiff, on behalf of himself and each Class Member who does not opt out (collectively, "Releasors"), hereby releases and forever discharges Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, insurers and agents (collectively, the "Releasees") from any and all losses, fees, charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Releasors now have, own or hold against any of the Releasees that arise out of and/or relate to the facts and claims alleged and that could have been alleged in the Complaint, including any claims relating to the Challenged Practice.

**14.    WAIVER OF UNKNOWN CLAIMS.** Releasors acknowledge that there may be facts and claims about which Releasors are presently not aware. Releasors nevertheless agree to waive and release and do waive and release all such claims that are not known or suspected to exist at the time of executing this Settlement Agreement that if known might, or would have, materially affected Named Plaintiff's decision to enter into this Settlement Agreement, or might have materially affected a Class Member's decision to opt out of the Settlement Class or to object to this Settlement Agreement. Named Plaintiff shall be deemed to have expressly waived and fully, finally, and forever settled and released any and all such unknown claims against Releasees, whether or not concealed or hidden, without regard to subsequent discovery or existence of different or additional facts, and benefits of any statute or principle of common law similar to California Civil Code Section 1542, which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**15.    CONDITIONS TO SETTLEMENT.**

(a)    This Agreement shall be subject to and is expressly conditioned on the

occurrence of all of the following events:

      (i)    The Court has entered the Final Approval Order as required by Sections 9 and 10 above, and all objections, if any, to such Order are overruled, and all appeals taken from such Order are resolved in favor of approval; and

      (ii)    The Effective Date has occurred.

(b)    If all of the conditions specified in Section 15(a) are not met, then this Agreement shall be cancelled and terminated.

(c)    Defendant shall have the option to terminate this Agreement if 10% or more of the Class Members opt out. Defendant shall notify Class Counsel and the Court of its intent to terminate this Agreement under this Section 15 within ten (10) business days after the Bar Date to Opt Out, or the option to terminate shall be considered waived.

(d)    In the event this Agreement is terminated, under Section 15(c) above, or fails to become effective in accordance with Sections 15(a) and/or (b) above, then the parties shall be restored to their respective positions in this case as they existed as of the date of the execution of this Agreement.  In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

(e)    CAFA.  This Settlement shall be administered as if governed by 28 U.S.C. § 1715.  NuVision shall work with the Settlement Administrator to provide notice to government officials under that statute, but in no event shall the Final Approval Hearing occur before the provision of effective notices, and the expiration of the statutory time.  The Final Approval Order shall include a finding that 28 U.S.C. § 1715 was fully complied with.

16.    **REPRESENTATIONS.**

(a)    The parties to this Agreement represent that they have each read this Agreement and are fully aware of and understand all of its terms and the legal consequences of them.  The parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Agreement.

(b)    The parties have not relied on any representations, promises, or agreements other than those expressly set forth in this Agreement.

(c)    The Named Plaintiff, on behalf of the Class Members, represents that he has made such inquiry into the terms and conditions of this Agreement as he deems appropriate, and that by executing this Agreement, he, based on Class Counsel's advice, and his understanding of the case, believes the Agreement and all the terms and conditions set forth here, are fair and reasonable to all Class Members.

(d)    The Named Plaintiff represents that he has no knowledge of conflicts or other personal interests that would in any way affect his representation of the class in connection

with the execution of this Agreement.

        (e)    Defendant represents and warrants that it has obtained all corporate authority necessary to execute this Agreement.

     17.    **FURTHER ASSURANCES.** Each of the parties agrees to execute and deliver all such further documents consistent with this Agreement, and to take all such further actions consistent with this Agreement, as may be required in order to carry the provisions of this Agreement into effect, subject to Class Counsel's obligation to protect the interests of the Class Members.

     18.    **APPLICABLE LAW.** This Agreement shall be governed by and interpreted, construed, and enforced under the laws of the State of California.

     19.    **ENTIRE AGREEMENT.** This Agreement, including the exhibits attached, constitutes the entire agreement made by and between the parties pertaining to the subject matter, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the parties or their representatives pertaining to the subject matter.

     20.    **BINDING ON SUCCESSORS.** This Agreement and the releases provided for shall inure to the benefit of, and shall bind, each of the parties and their successors.

     21.    **COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute one and the same instrument and agreement.  Facsimile and pdf signature pages shall have the same force and effect as original signatures.

     22.    **DISPUTE RESOLUTION.** If either Party believes that a dispute exists arising out of or relating to this Agreement, it shall notify the other Party in writing. The Parties shall thereafter meet and confer in good faith in an effort to resolve the dispute before initiating any proceedings. The Parties consent that the United States District Court, shall have jurisdiction over them to enforce this Agreement. The Parties agree that this Agreement is fully enforceable pursuant to California Code of Civil Procedure section 664.6 and the Court's inherent powers to enforce settlement agreements.

     23.    **NOTIFICATION.** Any notice to be given to Class Counsel and/or Named Plaintiff shall be sent by email as follows:

    Thomas A. Saenz
    Luis L. Lozada
    Mexican American Legal Defense and Educational Fund
    634 South Spring Street, 11th Floor
    Los Angeles, CA 90014
    Telephone: (213) 629-2512
    tsaenz@maldef.org
    llozada@maldef.org

     Any notice to be given to Defendant under the terms of this Agreement shall be sent by email as follows:

Mark K. Worthge
Kaufman Dolowich LLP
21515 Hawthorne Blvd., Suite 450
Telephone: (301) 775-6531
Mark.worthge@kaufmandolowich.com

Any notice to the Settlement Administrator shall be sent by email to the address of the Settlement Administrator as provided in the Long-Form Notice.

⊘ Sign.com Document ID: 5c0d87d9e5 - Page 1/1

**IN WITNESS WHEREOF**, the parties have entered this Agreement as of the dates set forth below.

Dated: 07/08/2025 _____

Luis Saul Bautista Martinez, an individual on behalf of himself and those he represents

By: _____

Luis Saul Bautista Martinez


Dated: _____

NuVision Credit Union

By: _Ian Clark_

Ian Clark
Digitally signed by Ian Clark
Date: 2025.07.07
15:52:52 -07'00'

Its: Vice President- Enterprise Risk _____


**APPROVED AS TO FORM:**

Dated: July 7, 2025

KAUFMAN DOLOWICH LLP
Mark K. Worthge

By: _____

Attorneys for Defendant NuVision
Credit Union


Dated: 7/8/25

MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
Thomas A. Saenz
Luis Lozada

By: _____

Attorneys for Named Plaintiff Luis Saul
Bautista Martinez


13

## EXHIBIT 1

Luis Saul Bautista Martinez
v.
NuVision Credit Union

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**

**<span style="color:red">READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!</span>**

**IF YOU HAVE APPLIED OR ATTEMPTED TO APPLY FOR A CONSUMER CREDIT PRODUCT WITH NUVISION CREDIT UNION ("DEFENDANT") AND YOUR APPLICATION WAS DENIED SINCE NOVEMBER 6, 2022, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS-ACTION SETTLEMENT**

The United States District Court for the Central District of California has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **DO NOTHING** | If you don't do anything, you will receive a payment from the Settlement Fund so long as you do not opt out of or exclude yourself from the settlement (described in the next box). If you do not opt out of or exclude yourself from the settlement, you will release any claims against Defendant relating to the challenged practice (described below). |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out" by mailing a request to opt out to the Settlement Administrator ("Phoenix"). This means you choose not to participate in the settlement. You will keep your individual claims against Defendant, but you will not receive a payment. If you exclude yourself from the settlement, but want to recover against Defendant, you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can mail an objection to the Settlement Administrator explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, then you will receive a payment and you will not be able to sue Defendant for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |
| **DISTRIBUTION OF UNCASHED CHECKS TO CY PRES RECIPIENTS** | If you receive a payment and don't. cash the check within 120 days after it is sent to you, then the Court may order that the unclaimed funds should be paid to the charities known as Immigrants Rising and TheDream.US. |

These rights and options – **_and the deadlines to exercise them_** – along with the material terms of the settlement are explained in this Notice.

# BASIC INFORMATION

| 1. | **What is this lawsuit about?** |

The lawsuit that is being settled is entitled *Luis Saul Bautista Martinez v. NuVision Credit Union*, Case No. 8:24-cv-02422. The case is a class action. That means that the "Named Plaintiff," Luis Saul Bautista Martinez, is representing all other individuals who applied for Consumer Credit Products (as defined in the Settlement Agreement) from NuVision Credit Union ("Defendant") from November 6, 2022 to May 19, 2025, and were denied such Consumer Credit Programs because of their immigration or citizenship status (the "Challenged Practice"). The persons in this group are collectively called the "Class Members."

The Named Plaintiff claims that the Challenged Practice violate the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.* and the California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.* Defendant maintains that its practices and policies were and now are proper.

| 2. | **Why did I receive this Notice of this lawsuit?** |

You received this Notice because Defendant's records indicate that you applied for or attempted to apply for Consumer Credit Products from Defendant and were denied such Consumer Credit Products because of your immigration or citizenship status. The Court directed that this Notice be sent to all Class Members because each Class Member has a right to know about the proposed settlement and the options available to him or her before the Court decides whether to approve the settlement.

| 3. | **Why did the parties settle?** |

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Named Plaintiff's and his lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, the Named Plaintiff's lawyers, known as Class Counsel, make this recommendation to the Named Plaintiff. The Named Plaintiff has the duty to act in the best interests of the class as a whole and, in this case, it is his belief, as well as Class Counsels' opinion, that this settlement is in the best interest of all Class Members.

There is legal uncertainty about whether a judge or a jury would find that Defendant's Challenged Practice in this case was a violation of the California Unruh Civil Rights Act. Even if the Named Plaintiff were to win at trial, there is no assurance that the Class Members would be awarded more than the current settlement amount, and it may take years of litigation before any payments would be made. By settling, the Class Members will avoid these and other risks and the delays associated with continued litigation.

While Defendant disputes the allegations in the lawsuit and denies any liability or wrongdoing, it enters into the settlement solely to avoid the expense, inconvenience, and distraction of further proceedings in the litigation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am part of the Settlement? |
|---|---|

If you received this notice, then Defendant's records indicate that you are a Class Member who is entitled to receive a payment.

## YOUR OPTIONS

| 5. | What options do I have with respect to the Settlement? |
|---|---|

You have three options: (1) do nothing and you will receive a payment according to the terms of this settlement; (2) exclude yourself from the settlement ("opt out" of it); or (3) participate in the settlement but object to it. Each of these options is described in a separate section below.

| 6. | What are the critical deadlines? |
|---|---|

There is no deadline to receive a payment. If you do nothing, then you will get a payment.

The deadline for sending a letter to exclude yourself from or opt out of the settlement is [date].

The deadline to mail an objection to the Settlement Administrator is also [date].

| 7. | How do I decide which option to choose? |
|---|---|

If you do not like the settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney) and you are comfortable with the risk that you might lose your case or get less than you would in this settlement, then you may want to consider opting out.

If you believe the settlement is unreasonable, unfair, or inadequate and the Court should reject the settlement, you can object to the settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the settlement will not be approved, and no payments will be made to you or to any other Class Member. If your objection (and any other objection) is overruled, and the settlement is approved, then you will still get a payment.

If you want to participate in the settlement, then you don't have to do anything; you will receive a payment if the settlement is approved by the Court.

| 8. | What has to happen for the Settlement to be approved? |
|---|---|

The Court has to decide that the settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide preliminary approval of the settlement, which is why you received notice of the settlement. The Court will make a final decision regarding the settlement at a "Fairness Hearing" or "Final Approval Hearing," which is currently scheduled for [date].

## THE SETTLEMENT PAYMENT

| 9. | How much is the Settlement and how much will I be paid? |
|---|---|

The total amount of the Settlement Fund is $108,800. If the Court approves the settlement, then each Class Member who does not opt out will receive a payment of $3,200 in the form of a mailed check.

| 10. | Do I have to do anything if I want to participate in the Settlement? |
|---|---|

No. If you received this Notice, then you will be entitled to receive a payment unless you choose to exclude yourself from the settlement, or "opt out."

| 11. | When will I receive my payment? |
|---|---|

The Court will hold a Fairness Hearing on [date], at [time], to consider whether the settlement should be approved. If the Court approves the settlement, then a check will be sent to you within ten (10) days after the Court issues an order approving the settlement. However, if someone objects to the settlement, and the objection is sustained, then there will be no settlement. Even if all objections are overruled and the Court approves the settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

Note: If you receive a payment and don't cash the check within 120 days after it is sent to you, then the Court may order that the unclaimed funds should be paid to the charities known as Immigrants Rising and TheDream.US.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 12. | How do I exclude myself from the Settlement? |
|---|---|

If you do not want to receive a payment, or if you want to keep any right you may have to sue Defendant for the claims alleged in this lawsuit, then you must exclude yourself, or "opt out."

To opt out, you **must** send a letter to the Settlement Administrator stating that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Luis Saul Bautista Martinez v. NuVision Credit Union* class action." Be sure to include your name, address, telephone number, and email address. Your exclusion or opt-out request must be postmarked by [opt out deadline], and sent to:

Luis Saul Bautista Martinez v. NuVision Credit Union
Attn:
ADDRESS OF THE SETTLEMENT ADMINISTRATOR

| 13. | What happens if I opt out of the Settlement? |
|---|---|

If you opt out of the settlement, you will not give up any of your rights to sue Defendant for the claims alleged in this case. However, you will not be entitled to receive a payment from this settlement.

| 14. | What am I giving up if I do not opt out of the Settlement? |
|---|---|

 If the Court grants final approval of the Settlement and enters judgment, that judgment is binding on all Class Members who do not opt out of or exclude themselves from the Settlement.  All Class Members who do not opt out or exclude themselves from the Settlement will give up (or "release") their right to sue Defendant for discrimination in connection with a denial of Consumer Credit Products based solely on their immigration or citizenship status.  This release includes, but is not limited to, claims under 42 U.S.C. § 1981 and the California Unruh Act.

## OBJECTING TO THE SETTLEMENT

| 15. | How do I notify the Court that I do not like the settlement? |
|---|---|

You can object to the settlement or any part of it that you do not like IF you do not exclude yourself, or opt out, from the settlement. (Class Members who exclude themselves from the settlement have no right to object to how other Class Members are treated.) To object, you **must** send a written document to the Settlement Administrator at the address below.  Your objection should say that you are a Class Member, that you object to the settlement, and the reasons why you object, and whether you intend to appear at the hearing.  In your objection, you must include your name, address, telephone number, email address (if applicable) and your signature.  Additionally, if objecting through counsel, you must identify counsel by name, address, and telephone number.

All objections must be post-marked <u>no later</u> than [objection deadline], and must be mailed to the Settlement Administrator as follows:

| SETTLEMENT ADMINSTRATOR |
|---|
| Luis Saul Bautista Martinez v. NuVision Credit Union Settlement Administrator Attn: <br><br> ADDRESS OF THE SETTLEMENT ADMINISTRATOR |

| 16. | What is the difference between objecting and requesting exclusion from the settlement? |
|---|---|

Objecting is telling the Court that you do not believe the settlement is fair, reasonable, and adequate for the class, and asking the Court to reject it.  You can object only if you do not opt out of the settlement.  Excluding yourself or opting out is telling the Court that you do not want to be part of the settlement, and do not want to receive a payment and release claims you might have against Defendant as alleged in this lawsuit.

| 17. | What happens if I object to the settlement? |
|---|---|

 If the Court sustains your objection, or the objection of any other Class Member, then there is no

settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the settlement.

## THE COURT'S FAIRNESS HEARING

| 18. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a Final Approval or Fairness Hearing at [time] on [date] at the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Courtroom 7D, Los Angeles, California 90012. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will also decide how much to award Class Counsel for attorneys' fees and expenses. Fees and expenses will not be paid out of the Settlement Fund; they will be paid by Defendant in addition to the amount paid to establish the Settlement Fund. This hearing may be conducted by Zoom. If it is, the instructions to access the hearing will be posted on the settlement website (www.____.com).

| 19. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

| 20. | May I speak at the hearing? |
|---|---|

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 15, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## THE LAWYERS REPRESENTING YOU

| 21. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the lawyers and their law firm referred to in this notice as "Class Counsel" will represent you and the other Class Members.

| 22. | Do I have to pay the lawyer for accomplishing this result? |
|---|---|

No. Class Counsel's fees and costs, if approved by the Court, will be paid by Defendant. Defendant has agreed not to oppose Class Counsel's motion for fees and costs up to $40,000.

| 23. | Who determines what the attorneys' fees will be? |
|---|---|

The Court will be asked to approve the amount of Class Counsel's attorneys' fees at the Fairness Hearing. Class Counsel will file an application for fees and costs at least fifteen (15) days prior to the deadline to file objections and will specify the amount being sought, as discussed above, and the basis for the application. You may review the fee application at the website established by the Settlement Administrator (www.____.com), or by reviewing it at the Records Department of the United States District Court, Central District of California, which is located at 350 West 1st Street, Courtroom 7D, Los Angeles, California 90012.

| 24. | What does the Named Plaintiff receive? |
|---|---|

Class Counsel will also submit an application to the Court for payment of $5,000 to the Named Plaintiff (called the "Service Award"). Defendant has agreed not to object to a Service Award up to $5,000. You may review the Service Award application at the website established by the Settlement Administrator (www.____.com), or by reviewing it at the Records Department of the United States District Court, Central District of California, which is located at 350 West 1st Street, Courtroom 7D, Los Angeles, California 90012.

| 25. | Do I have to pay anything to implement the Settlement? |
|---|---|

No. The cost of sending notice and checks to Class Members, and all other costs to implement the settlement, will be paid by Defendant in addition to the amount paid into the Settlement Fund. The Settlement Administrator estimates that the costs Defendant will pay to implement the settlement will be up to $3,300.

## GETTING MORE INFORMATION

This Notice only summarizes the proposed settlement. More details are contained in the settlement agreement, which can be viewed/obtained online at [www.____.com] or at the Records Department of the United States District Court, Central District of California, which is located at 350 West 1st Street, Courtroom 7D, Los Angeles, California 90012, by asking for the Court file containing the Motion For Preliminary Approval of Class Settlement (the settlement agreement is attached to the motion). You may also ask for the Court file containing Class Counsel's Motion for Fees, Costs, and Service Award.

For additional information about the settlement and/or to obtain copies of the settlement agreement, you should contact the Settlement Administrator as follows:

Luis Saul Bautista Martinez v. NuVision Credit Union
Settlement Administrator
Attn:
[SETTLEMENT ADMINISTRATOR ADDRESS]

For more information, you also can contact the Class Counsel as follows:

Thomas A. Saenz
Luis L. Lozada
Mexican American Legal Defense and Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
tsaenz@maldef.org
llozada@maldef.org

***PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF DEFENDANT CONCERNING THIS NOTICE OR THE SETTLEMENT.***

## EXHIBIT 2

## COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT
[ENGLISH VERSION]

You may be a member of the settlement class in *Luis Saul Bautista Martinez v. NuVision Credit Union*, Case No. 8:24-cv-02422, in which Plaintiff alleges Defendant NuVision Credit Union ("Defendant") violated the federal Civil Rights Act of 1866 and California state civil rights act because it had a policy of denying Consumer Credit Products to applicants because of their immigration or citizenship status. Defendant denies Plaintiff's claims but has decided to settle to avoid the time and expense of litigation. If you are a Class Member and if the Settlement is approved, you may be entitled to receive a check in the amount of $3,200 from a total settlement fund of $108,800.

The Court has preliminarily approved this settlement. It will hold a Final Approval Hearing in this case on [date]. At that hearing, the Court will consider the following: (1) whether to grant final approval to the settlement; (2) whether to approve Class Counsel's request for attorneys' fees and costs, estimated to be up to $40,000; (3) whether to approve a $5,000 service award for the Named Plaintiff; and (4) whether to approve the costs of an administrator to implement the settlement, which are estimated to be up to $3,300. All fees and costs will be paid by Defendant in addition to the total settlement fund. Defendant has agreed not to oppose Class Counsel's request for attorneys' fees up to $40,000.

If you want to object to this settlement, or any part of it, because you think it is not fair, adequate, or reasonable, you may object by mailing an objection to the Settlement Administrator postmarked, no later than [objection deadline]. If your objection is overruled, then you will receive a check for $3,200 and will release any claims you have against Defendant that are alleged in the Complaint in this case.

If you do not cash the check within 120 days after it is sent, then the. Court may allow these unclaimed funds to be paid to charities named Immigrants Rising and TheDream.US.

**To obtain more information please visit www.\_\_\_\_.com. Alternatively, you may call [SETTLEMENT ADMINISTRATOR PHONE NUMBER].**