# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| LUIS SAUL BAUTISTA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>NUVISION CREDIT UNION,<br><br>Defendant. | Case No.: 8:24-cv-02422-AH-JDEx<br><br>Hon. Anne Hwang<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY SETTLEMENT APPROVAL [25]**<br><br>Hearing Date: July 30, 2025<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 7D |

# ORDER

Plaintiff Luis Saul Bautista Martinez, on behalf of himself and the class, has filed an Unopposed Motion for Preliminary Settlement Approval ("Preliminary Approval Motion") under Federal Rule of Civil Procedure 23, seeking an order approving the settlement of this action, in accordance with the Settlement Agreement and Release (the "Agreement"), which, together with the attached exhibits, sets forth the terms and conditions of the proposed settlement and for dismissal of this action with prejudice upon the terms and conditions set forth.

On July 30, 2025, a hearing was held on the Preliminary Approval Motion. Unless otherwise defined here, all capitalized terms have the same meanings as set forth in the Agreement. The Court, having considered the Preliminary Approval Motion, the Agreement, other pleadings on file in this case, and the arguments of counsel, orders as follows:

1. **Preliminary Approval**. The Court preliminarily approves the Agreement and the settlement set forth as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing. The Court finds on a preliminary basis that the settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

2. **Settlement Class**. The Court conditionally certifies, for settlement purposes only, the Settlement Class, as defined in the Agreement:

> [T]he 34 individuals who, according to Defendant's records, applied for a Consumer Credit Product with Defendant from November 6, 2022 through May 19, 2025; were legally residing in the State of California at the time they applied; and were denied such credit products because of their immigration or citizenship status at the time they applied.

3. **Designation of Class Representative.** The Court provisionally appoints Luis Saul Bautista Martinez as the class representative of the Settlement Class ("Class Representative"). The Court provisionally finds that the Class Representative has claims typical of and is an adequate representative of the members of the Settlement Class he proposes to represent.

4. **Designation of Class Counsel.** The Court provisionally appoints Thomas A. Saenz and Luis L. Lozada of the Mexican American Legal Defense and Educational Fund as Class Counsel. The Court provisionally finds that Class Counsel are capable of fairly and adequately representing the Settlement Class.

5. **Certification for Settlement Purposes Only**. The Court provisionally finds, and for settlement purposes only, that class certification under Fed. R. Civ. P. 23(a) and (b)(3) is appropriate in that, in the settlement context: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to each Class Member that predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of each Class Member; (d) the Class

2
**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**

Representative will fairly and adequately represent and protect the interests of the Class Members because his interests are co-extensive with those of the Class Members, and he has retained experienced counsel to represent him and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. This certification of the Settlement Class shall not constitute, nor be construed as, an admission on the part of Defendant NuVision Credit Union that any other proposed or certified class action is appropriate for class treatment under the Federal Rules of Civil Procedure or any similar statute, rule, or common law. The entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action, should the settlement not be approved or not be implemented for any reason, or to terminate the Agreement.

6. **Fairness under Rule 23(e)(2)**. The Court preliminarily finds that the settlement satisfies the requirements of Fed. R. Civ. P. 23(e)(2), such that: the class representatives and counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided is adequate; and the proposal treats class members equitably.

7. **Settlement Administrator**. The Court appoints Phoenix Class Action Administration Solutions to be the Settlement Administrator under the terms of the Agreement. The Settlement Administrator shall execute those duties as set forth in the Agreement and this Order.

8. **Notice**.  The Court approves the form and substance of the Short-Form and Long-Form Notice (together, the "Notice").  The Court finds that the form, content, and mailing of the Notice under the Agreement meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled here, and complies with the requirements of the Constitution of the United States, and all other applicable laws.  The Notice shall be sent to Class Members in the manner set forth in the Agreement.

9. **Notice and Other Settlement Administration Costs.**  All costs incurred by the Settlement Administrator in connection with providing notice to the Class Members and administering the settlement shall be paid by Defendant in accordance with the terms set forth in the Agreement.

10. **Exclusions and Objections.**  The Court approves and adopts the procedures, deadlines, and manner governing requests to be excluded from the Settlement Class, or for objecting to the proposed settlement, as provided in the Agreement.

11. For the purposes stated and defined in the Agreement, the Court sets the following dates and deadlines:

| **Preliminary Approval Hearing** | July 30, 2025 |
|---|---|
| Preliminary Approval Order* | August 6, 2025 |
| Deadline for the Settlement Administrator to mail notice and for Settlement Website to go live | September 5, 2025 [30 days after Preliminary Approval Order] |
| Bar Date to Opt Out or Object | October 6, 2025 |

4
**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**

| | [60 days after Preliminary Approval Order] |
|---|---|
| Deadline to file Motion for Final Approval and Motion for Fees, Costs, and Service Award | October 22, 2025 [75 days after Preliminary Approval Order] |
| **Final Approval Hearing** | November 5, 2025 at 1:30 p.m. |
| Final Approval Order* (date subject to change) | November 5, 2025 |
| Deadline for Defendant to transfer the Settlement Fund, amount awarded to Class Counsel for attorneys' fees and costs, any service award authorized by the Court, and fees and costs payable to the Settlement Administrator | November 15, 2025 [10 days after Final Approval Order] |
| Effective Date (assuming no appeals) | December 5, 2025 [30 days after Final Approval Order] |
| Settlement Administrator to pay amount awarded to Class Counsel for attorneys' fees and costs, any service award authorized by the Court, and Individual Settlement Payments | December 15, 2025 [40 days after Final Approval Order] |

12. **Termination of Settlement.** If the settlement is not approved or executed for any reason whatsoever, the Agreement and all proceedings in connection with shall terminate without prejudice to the status quo ante and rights of the Parties as they existed before the date of the execution of the Agreement, except as otherwise provided in the Agreement.

13. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant.

14. **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

15. **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

**IT IS SO ORDERED.**

Date: AUGUST 6, 2025

_____
The Honorable Anne Hwang
United States District Judge